IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01125-BNB

JOHN MICHAEL BROADUS,

      Plaintiff,

v.

GENERAL ASSEMBLY OF THE STATE OF COLORADO, and
JUDICIAL BRANCH OF THE STATE OF COLORADO,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, John Michael Broadus, initiated this action by filing *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his constitutional rights have been violated. He has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Broadus is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or

for failure to state a claim upon which relief may be granted. *See* § 1915(g). Pursuant to § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Vigil's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from such relief.

Mr. Broadus attacks his conviction through abstract arguments attempting to invalidate the Colorado Revised Statutes. He makes the broad generalization that use of the Colorado Revised Statutes as law is unconstitutional and a fraud perpetrated by the legislative and judiciary branches of the State of Colorado. He contends that, as a result, citizens are being charged pursuant to constitutionally nonexistent statutes with crimes that are invalid, void, or unenforceable. He specifically contends that his due process rights were violated because Defendants failed to include valid laws in his charging complaints, which alleged he committed crimes in violation of the Colorado Revised Statutes. He complains that Defendants are responsible for the nearly two decades of his allegedly false imprisonment. He also asserts equal protection and fraud claims based upon application of the Colorado Revised Statutes to him.

Mr. Broadus may not sue the State of Colorado or its entities. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d

2

1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). The Defendants here are entities of the State of Colorado to whom Eleventh Amendment immunity applies.

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from such relief.

DATED at Denver, Colorado, this __30th__ day of __June__, 2010.

BY THE COURT:

__s/Philip A. Brimmer__
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01125-BNB

John Michael Broadus
Prisoner No. 82190
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/30/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk