IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01125-ZLW

JOHN MICHAEL BROADUS,

    Plaintiff,

v.

GENERAL ASSEMBLY OF THE STATE OF COLORADO, and
JUDICIAL BRANCH OF THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, John Michael Broadus, filed *pro se* on July 15, 2010 a motion to reconsider which he characterizes as an "Objection to Magistrate Judge's Opinion." Mr. Broadus asks the Court to reconsider the Order of June 30, 2010, which dismissed the complaint and this action pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from suit.

The Court must construe liberally Mr. Broadus's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Broadus's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on June 30. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the complaint and the instant action pursuant to § 1915(e)(2)(b) as legally frivolous and for seeking monetary relief against Defendants immune from such relief because Mr. Broadus was suing state entities protected by Eleventh Amendment immunity. The reasons for the dismissal are discussed in greater detail in the June 30 dismissal order.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Broadus fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Broadus fails to demonstrate the existence of an intervening change in controlling law or new evidence, and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Objection to Magistrate Judge's Opinion" that Plaintiff, John Michael Broadus, filed *pro se* on July 15, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  17th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01125-ZLW

John Michael Broadus
Prisoner No. 82190
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8|18|10

GREGORY C. LANGHAM, CLERK

By _____
       Deputy Clerk